IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STAINLESS SALES CORPORATION | ) | Case No. 17-03148 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | U.S. Bankruptcy Judge |

## NOTICE OF MOTION

**TO:** Attached Service List

  **PLEASE TAKE NOTICE THAT** on July 26, 2017, at 10:00 a.m., I shall appear before the **Hon. Timothy A. Barnes**, or any other judge sitting in his stead, in Room 744, 219 South Dearborn Street, Chicago, Illinois, and request a hearing on *Chapter 7 Trustee's Motion to Sell Property Free And Clear Of Liens, Claims and Encumbrances Pursuant To §363(f) Of The Bankruptcy Code and To Limit Notice Pursuant to Bankruptcy Rule 2002*, a copy of which is attached hereto and hereby served upon you, at which time and place you may request a hearing on the Motion.

## CERTIFICATE OF SERVICE

  I, the undersigned, an attorney, hereby state that pursuant to Section II, B, 4 of the Administrative Procedures for the Case Management/Electronic Case Filing System, I caused a copy of the foregoing **NOTICE OF MOTION** and **MOTION** to be served on all persons set forth on the attached Service List identified as Registrants through the Court's Electronic Notice for Registrants and, as to all other persons on the attached Service List by mailing a copy of same in an envelope properly addressed and with postage fully prepaid and by depositing same in the U.S. Mail, Chicago, Illinois, on the 19th day of July 2017.

                                         /s/ Gregory K. Stern
                                         Gregory K. Stern

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID #6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604
(312) 427-1558

## SERVICE LIST

**Registrants Served Through The Court's Electronic Notice For Registrants**

Patrick Layng, United States Trustee
219 South Dearborn Street,
Suite 873
Chicago, Illinois 60604

David R. Herzog
Herzog & Schwartz PC
77 West Washington, Suite 1400
Chicago, Illinois 60602

Monette W. Cope
Weltman Weinberg & Reis CO LPA
180 North LaSalle Street
Suite 2400
Chicago, Illinois 60601

Jordan M. Litwin
Mark Swiderski
332 South Michigan Avenue, Suite 1100
Chicago, Illinois 60604

Shelly A. DeRousse
Freeborn & Peters LLP
311 South Wacker Drive, Suite 3000
Chicago, Illinois 60606

Joseph Frank
Jeremy C. Kleinman
Frank Gecker LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654

Paige E. Barr
Katten Muchin Rosenman LLP
525 West Monroe Street
Chicago, Illinois 60661

Gus A. Paloian
Bret M. Harper
Seyfarth Shaw LLP
131 South Dearborn Street, Suite 2400
Chicago, Illinois 60603

George R. Mesires
Faegre Baker Daniels LLP
311 South Wacker Drive
Suite 4400
Chicago, Illinois 60606

Robert E. Wilens
Clausen Miller PC
10 South LaSalle Street
16th Floor
Chicago, Illinois 60603

James M. Yannakopoulos
Krensky, Bouwer & Poracky, PC
425 Joliet Street, Suite 425
Dyer, IN 46311

Stephen A. Yokick
Dowd, Bloch, Bennett, Cervone, Auerbach & Yo
8 South Michigan Avenue
19th Floor
Chicago, Illinois 60603

Monte L. Mann
Brian E. Cohen
Novack and Macey LLP
100 North Riverside Plaza
Chicago, Illinois 60606

**Notice Via U.S. Mail**

A-BEC Electric, Inc.
c/o Waveland law Group
55 West Wacker Drive, 14th Floor
Chicago, Illinois 60601

Acme Transportation Company
5950 West 66th Street, Unit B
Chicago, Illinois 60638

AK Steel Corporation
Corporate Headquarters
9227 Centre Pointe Drive
West Chester, Ohio 45069

Allegheny Ludlum Corporation
(ATI Flat Rolled Products)
1300 Pacific Avenue
Natrona Heights, Pennsylvania 15065

Ampere Electric Services, Inc.
692 Industrial Drive
Bensenville, Illinois 60106

Aperam Stainless Services & Solutions
c/o Coface North America Ins.
50 Millsone Road, Building 100, Suite 360
Hightstown, New Jersey 08520

Barbara Kutzen Trust
1000 Lakeshore Plaza, 40A
Chicago, Illinois 60611

Clover Machinery Movers
c/o The Howard Law Firm
307 North Michigan Avenue, Suite 1214
Chicago, Illinois 60601

Cumberland Diversified Metals
4925 Pointe Parkway
Cleveland, Ohio 44128

D&M Real Estate
c/o Marilyn Kutzen
100 North Lake Shore Plaza, Apt 40A
Chicago, Illinois 60611

Hiwasse Manufacturing Co.
1030 North Redmond Road
Jacksonville, Arkansas 72076

International Metal Processing
3131 North Franklin Road, #E
Indianapolis, Indiana 46226

Kutzen Family Limited Partnership
c/o Marilyn Kutzen
100 North Lake Shore Plaza, Apt 40A
Chicago, Illinois 60611

Main Steel, LLC
2200 East Pratt Boulevard
Elk Grove Village, Illinois 60007

North American Stainless
c/o Clausen Miller
10 South LaSalle Street
Chicago, Illinois 60603

Nyack Metals, LLC
1900 Case Parkway
Twinsburg, Ohio 44087

R M Creations
50 Cragwood Road, Suite 308
South Plainfield, New Jersey 07080

Taunton Metals of Florida
130 Pinellas Way North
Saint Petersburg, Florida 33710

Wells Fargo Bank N.A.
c/o Euler Hermes Col
800 Red Brook Boulevard, Suite 400C
Owings Mills, Maryland 21117

XPO Logistics Ltl
c/o RMS Bankruptcy Rec Svrs
P.O. Box 361345
Columbus, Ohio 43236

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | Chapter 7 |
| | ) | |
| STAINLESS SALES CORPORATION | ) | Case No. 17-03148 |
| | ) | |
| Debtor. | ) | Hon. Timothy A. Barnes |
| | ) | Hearing Date and Time: |
| | ) | **July 26, 2017 at 10:00 a.m.** |

**CHAPTER 7 TRUSTEE'S MOTION TO SELL PROPERTY FREE
AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES PURSUANT
TO §363(f) OF THE BANKRUPTCY CODE AND TO LIMIT NOTICE PURSUANT TO
BANKRUPTCY RULE 2002**

Now comes the DAVID R. HERZOG, not individually but in his capacity as the Chapter 7 Trustee ("**Trustee**") of the estate of the Debtor, Stainless Sales corporation, by and through his attorneys, Gregory K. Stern, Dennis E. Quaid, Monica C. O'Brien, and Rachel S. Sandler, and in support of his Motion to Sell Property Free And Clear Of Liens, Claims and Encumbrances Pursuant To §363(f) Of The Bankruptcy Code and To Limit Notice Pursuant to Bankruptcy Rule 2002 (the "**Motion**"), states as follows:

A. PROCEDURAL BACKGROUND

1. On February 3, 2017 ("**Petition Date**"), certain Petitioning Creditors caused an Involuntary Petition for relief under Chapter 11 of the United States Bankruptcy Code to be filed against the Debtor, Stainless Sales Corporation; and on February 28, 2017, an Order for Relief under Chapter 11 was entered. Thereafter on March 7, 2017, an Order was entered converting the Chapter 11 case to a proceeding under Chapter 7. On March 16, 2017, David R. Herzog was appointed as trustee in this case and is the duly acting trustee under Chapter 7 of the Bankruptcy Code ("**Code**").

2. This Court has jurisdiction pursuant to 28 U.S.C. §1334; venue over this motion is

proper in this District due to the pendency of this case in the Northern District of Illinois and the operation of the Debtor's business in said District; and, this matter constitutes a core proceeding under 28 U.S.C. §157(b)(2)(A) and (N) as involving a sale of property of the estate.

3. Trustee consents to the entry by this court of a dispositive order resolving the merits of this Motion.

B.     NATURE OF DEBTOR'S ASSET AND BUSINESS

4. Prior to the Petition Date, Debtor conducted a business of processing and selling steel and stainless steel coils to its customers.

5. Debtor had executed an assignment and trust agreement with an assignee for the benefit of creditors on November 16, 2016, and said Assignee commenced the administration of the estate of the Debtor, including storing four (4) coils described as (1) 316L, of 19580 lbs. with 48", (2) 316L of 23,400 lbs. with 48", (3) 304 with 16290 lbs. with 36" and (4) 304 with 19640 lbs. of 36" (collectively referred to as the "**TSA Coils**") with TSA Processing in Bensenville, Illinois

C.     DEBTOR'S SECURED CLAIMS AGAINST REALTY

6. Wintrust Bank claims or may claim to hold a security interest in the TSA coils by a security interest granted by the Debtor to Wintrust to secure certain loans and lines of credit granted to the Debtor.  The Assignee asserted to the Trustee that the Assignee had paid and satisfied all sums owed to Wintrust Bank.  However, Wintrust Bank filed on May 2, 2017, a proof of secured claim with this court in the sum of $921,840.36 allegedly for default interest charges, expenses and legal fees ("**Wintrust Claim**"). The Wintrust Claim has been designated as Claim No. 4 in the Claims Register administered by the clerk of the court.  Trustee disputes the Wintrust Claim in its entirety based on the statement of the Assignee and contends that the Trustee may sell the TSA

2

Coils free and clear of the interest asserted by Wintrust Bank pursuant to §363(f)(4) and (5) of the Code.

7. Cumberland Diversified Metals, Inc., ("**Cumberland**") filed two motions pertaining to the TSA Coils, seeking Relief form the Automatic Stay [Doc. 28] on February 14, 2017, and Adequate Protection {Doc. 30] also on February 14, 2017. Both motions were withdrawn by Cumberland on February 27, 2017, [Doc. 38 and 39]. Based on Cumberland's withdrawal of its two motions and abandonment of any action to assert its alleged interest in the TSA Coils, the Trustee contends that the trustee may sell the TSA Coils free and clear of the alleged interest of Cumberland pursuant to §363(f)(4).

### D. SALE RATIONALE

8. The Trustee is charged with the duty of selling the property of the estate in order to reduce same to cash and distribute same to the creditors of the Debtor in accordance with the priorities provided in §507(a) of the Code.

9. The action of this Court in entering an order authorizing the Trustee to sell the TSA Coils will further the purposes of the Code in creating additional funds available to be paid to creditors.

10. The Trustee has received an offer from R.M. Creations, Inc., ("**R.M.**") of South Plainfield, N.J., which is attached hereto as Exhibit A ("**Stalking Horse Bid**") to purchase the four TSA Coils for the cash payment of $48,726.92. R.M. will pick up the TSA Coils, thereby saving the estate the cost of delivery of same. The sale terms include (i) the TSA Coils will be purchased "as is, where is", (ii) Trustee shall pay storage costs at TSA Processing in the estimated amount of $-------- and (iii) Trustee shall provide good title which can be accomplished through the order of

this Court authorizing the Trustee to convey title to the TSA Coils free and clear of all liens, claims, encumbrances and interests of adverse parties.

### E. RECOMMENDED SALES PROCEDURES

11. The Debtor seeks authority pursuant to §363(f) to sell the TSA Coils to R.M. for the purchase price of $48,726.92 or such higher and better price as may be obtained at an auction to be conducted in the event that the Trustee succeeds in soliciting from third parties competing bids to the Stalking Horse Bid but on the same terms as the Stalking Horse Bid, excepting only the price.

12. In order to disclose to all creditors and parties in interest the terms of the proposed sale of the TSA Coils and the terms of the Stalking Horse Bid, as well as to solicit competing bids from the buying market in the Chicagoland area, Trustee requests approval of this Court of the Notice of Sale attached hereto as Exhibit B, which Trustee proposes be served on the Debtor's 20 largest unsecured creditors and all creditors/parties in interest requesting notice through the CM/ECF System and published in newspapers of general circulation in the Chicago in order to solicit competing bids.

13. The sale and conveyance of the TSA Coils shall be free and clear of any and all interests, liens, claims and encumbrances, with all such interests, liens, claims and encumbrances to attach to proceeds of sale with the same priority as held pre-petition and pending further order of Court.

14. The following sales procedures are submitted by Trustee as appropriate to be used in this transaction, subject to approval of said procedures by the Court:

　　A.　　All persons or entities ("Competitive Bidder") seeking to make a competing

bid ("Upset Bid") to purchase the TSA Coils, shall present to Trustee's Counsel by at least August 18, 2017, prior to the date of auction (as defined hereafter), a written agreement to purchase the TSA Coils, in writing and signed by the Bidder and on the same terms as the R.M.'s Stalking Horse Bid, excepting the price.

      B.      The price offered in any Competing Bid must be at least $51,250.00, and accompanied with a certified or cashiers check in the sum of $4,500.00 payable to the Trustee as earnest money deposit.

      C.      The earnest money deposit shall be retained in escrow or similar secure form to be used as part payment of the Purchase Price if the Competing Bid of said Bidder is approved by the Court as the Prevailing Bid.

      D.      All deposits not used as part of the Purchase Price nor forfeited upon default of the Prevailing Bidder to close the purchase of the TSA Coils shall be refunded to the Bidder on or promptly after five business days following the Sale Hearing.

      E.      If one or more Competing Bids are received that conform to the procedures set forth herein and approved by the Court, then an auction shall be conducted by Trustee to receive further bids from the Initial Purchaser and any Bidders.

      F.      The auction shall be conducted at the office of Trustee's counsel, Gregory K. stern PC, 53 West Jackson Blvd, Suite 1442, Chicago, IL 60604, or in Court, as determined by the Court. At such auction, only the Initial Purchaser and Competitive Bidders that submitted a Upset Bid conforming to the terms set forth herein and approved by the Court, may submit further bids.

      G.      At the auction, oral bids may be submitted in increments of $2,500.00 in cash by the Initial Purchaser and Bidders until the bidding has been completed. At the close of

bidding, the Debtor will select the bid that qualifies as the best and highest bid, subject to approval of the Court.

H.    Trustee will recommend for approval of the Court the bid selected as the best and highest bid as the Successful Bid.  Trustee does request authorization of the Court to sell the TSA Coils to the Successful Bid upon the terms of the Initial Bid as supplemented by the price of the Successful Bid.

I.    Following the entry of a final order of the Court ("Sale Order") in the Chapter 7 Case approving the Successful Bid and authorizing the sale of the TSA Coils to the Successful Bid free and clear of all interests, liens, claims and encumbrances, from which no appeal has been perfected within the meaning of Rule 8002 of the Federal Rules of Bankruptcy Procedure ("F.R.B.P."), Trustee and Successful Bidder shall close the sale of the TSA Coils upon the terms of the Successful Bid.

G.    NOTICE OF THIS MOTION

15.    The Trustee has provided notice of this Motion *via* Electronic Notice and/or U.S. Mail to (i) the United States Trustee, (ii) all creditors and parties in interest who have requested notice through the CM/ECF system, and (iii) the Debtor's 20 largest unsecured creditors and requests that such notice be deemed sufficient pursuant to Bankruptcy Rule 2002.

**WHEREFORE**, the Trustee, prays for an order as follows:

(a)    Limiting notice pursuant to Bankruptcy Rule 2002 to (i) the United States Trustee, (ii) all creditors and parties in interest who have requested notice through the CM/ECF system, and (iii) the Debtor's 20 largest unsecured creditors.

(b)    Approving the Notice of Sale and Sale Hearing setting forth the Sales Procedures;

(c) Approving the sales Procedures by entry of the ORDER APPROVING SALE PROCEDURES;

(d) Setting a date(s) before this Court for the Public Auction and Hearing to Approve Initial Bid or Competing Bid as the Successful Bid based on the results of the auction and recommendation of the Trustee and other parties in interest;

(e) Approving the sale by the Trustee to the Successful Bidder on the terms of the Successful Bid;

(f) Authorizing the Trustee to sell and convey the entire right, title and interest of the estate of the Debtor in and to the TSA Coils, free and clear of all adverse interests, liens, claims and encumbrances pursuant to Section 363(f) of the Bankruptcy Code;

(g) Directing that the sales proceeds shall be held in escrow pending further order of this court as to the disposition of said proceeds but subject to the encumbrances of Wintrust Bank and Cumberland;

(h) For such other further relief as this Court deems just.

Dated: July 19, 2017    By:    /s/ Gregory K. Stern
                               Gregory K. Stern, Attorney for Trustee

Gregory K. Stern (Atty. ID #6183380)
Dennis E. Quaid (Atty. ID #02267012)
Monica C. O'Brien (Atty. ID #6216626)
Rachel S. Sandler (Atty. ID # 6310248)
53 West Jackson Boulevard
Suite 1442
Chicago, Illinois 60604

(312) 427-1558